JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone:    (415) 436-7264
    Facsimile:    (415) 436-6748

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD RICHMAN, ) <br> ) <br>         Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> UNITED STATES, ) <br> ) <br>         Defendant. ) <br> ) | No. C 07-5317 WHA <br><br> NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION <br> [FED. R. CIV. P. 12(b)] <br><br> Date:    August 7, 2008 <br> Time :   8:00 a.m. <br> Place:   Ctrm 9, 19th Fl. <br> Before:  Hon. William H. Alsup |

**NOTICE OF MOTION AND MOTION**

    **PLEASE TAKE NOTICE** that on August 7, 2008, at 8:00 p.m., or as soon thereafter as may be heard, Defendant United States, through its attorney of record, will request the Honorable William H. Alsup, in Courtroom No. 9, 19th Floor at 450 Golden Gate Avenue in San Francisco, California, pursuant to Federal Rules of Civil Procedures 12(b), to dismiss the complaint and action in the above-captioned matter. This motion will be made on the ground that this Court lacks subject matter jurisdiction over the complaint because plaintiff has not exhausted his administrative remedies.

This motion is based upon all the papers and records currently on file in the above-captioned matter and any additional evidence and argument that this court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

This action, filed pursuant to the Federal Tort Claims Act ("FTCA"), should be dismissed because plaintiff's employer filed a timely and sufficient administrative tort claim, but plaintiff did not.

The timely receipt by an agency of an administrative tort claim for a sum certain is a jurisdictional prerequisite to an FTCA case. Here, plaintiff has no proof that an administrative tort claim was received by the United States Department of Agriculture within the two-year limitation period. Plaintiffs alleges the accident in this case occurred October 24, 2005. Plaintiff's employer submitted a timely administrative claim on or about October 16, 2007, but plaintiff did not. Accordingly, plaintiff's claim must be dismissed for lack of subject matter jurisdiction.

### I.   FACTS

On October 24, 2005, Plaintiff Ronald Richman was an employee of the County of Contra Costa. Complaint at ¶ 5. He was driving a truck witin the course and scope of his employment when he was involved in an accident. Complaint at ¶ 6. Specifically, Peter Lacy, an employee of the United States Department of Agriculture, was driving another vehicle that collided with the one being driven by plaintiff. Complaint at ¶ 6.

On or about October 16, 2007, plaintiff's employer filed an administrative claim for damage, injury or death (" SF 95") with the United States Department of Agriculture. See Docket No. 18, Exh. A. There is no record, however, that plaintiff submitted any such claim to the Department of Agriculture on or before October 24, 2007; instead, on October 18, 2007, plaintiff filed the pending lawsuit seeking general damages in the amount of $250,000, and other relief.

/ / /

## II. ANALYSIS

1. <u>Each plaintiff must demonstrate that he/it submitted a timely administrative complaint.</u>

The sovereign cannot be sued without its consent. *United States v. Sherwood,* 312 U.S. 584 (1941); *Gould v. U.S. Dept. of Health & Human Services,* 905 F.2d 738, 741 (4th Cir. 1990). Moreover, the terms of that consent define a federal court's jurisdiction to entertain such suit. *United States v. Testan,* 424 U.S. 392 (1976). The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or employees acting within the scope of their employment. *Smith v. United States,* 507 U.S. 197 (1993) *citing* 28 U.S.C. §1346(b). All limits and conditions within the FTCA are to be strictly construed in favor of the sovereign. *McNeil v. United States,* 508 U.S. 106, 124 L.Ed. 2d 21, 113 S.Ct. 1980 (1983); *Orleans,* 425 U.S. at 807; *Thigpen v. United States,* 800 F.2d 393 (4th Cir. 1986). "It is to be presumed that a cause lies outside [the federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

A key prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident. 28 U.S.C. §2401 (b) provides:

> (b) a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The requirement of filing an administrative claim is jurisdictional and cannot be waived. *Blain v. United States,* 552 F.2d 289, 291 (9th Cir. 1977) (per curiam). The jurisdictional minimum requirement for a tort claim includes a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and a sum certain damages claim. *Burns v. United States*, 764 F.2d 722 (9th Cir. 1985). Failure to comply with the sum certain requirement results in the case being treated "as if no administrative claim had ever been filed." *Id.; see also Caton v. United States*, 495 F.2d 635, 637-38 (9th Cir.1974). Additionally, the party submitting the claim must sign the administrative complaint. *See Blain*, 552 F.2d at 291.

In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *See Thornhill Publishing Co. v. General Telephone Corp.*, 594 F.2d 730, 733 (9th Cir.1979). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill*, 594 F.2d at 733. The burden of persuasion lies with the plaintiff in an FTCA case. *Muth v. United States,* 1 F.3d 246, 249 (4th Cir. 1993).

    2.    <u>This court lacks jurisdiction over Richman's district court case because he failed to submit a timely administrative tort claim</u>.

The incident upon which Richman bases his claim occurred October 24, 2005. Complaint, ¶¶ 5, 6. Accordingly, this court may not exercise jurisdiction over plaintiff's claim unless he can demonstrate the USPS received from him an administrative tort claim on or before October 24, 2007. *See* 28 U.S.C. §2401 (b).

Plaintiff has taken the unusual step of filing his initial disclosures. *See* Docket No. 8. The documents confirm that plaintiff is not relying on any document delivered by him and signed by him with a sum certain and claiming damages as a result of the October 24, 2005 accident. *See* Docket No. 8. Because Richman did not deliver to the Department of Agriculture an administrative complaint within the two-year time limitation, his district court complaint must be dismissed. *See* 28 U.S.C. §2401 (b); *Blain*, 552 F.2d at 291.

### III.   CONCLUSION

This Court should dismiss the complaint in this case for lack of subject matter jurisdiction because the Department of Agriculture did not receive an administrative tort claim from plaintiff in this matter on or before October 24, 2007.

                                              Respectfully submitted,

                                              JOSEPH P. RUSSONIELLO
                                              United States Attorney

Dated: June 27, 2008                               /s/
                                              ABRAHAM A. SIMMONS
                                              Assistant United States Attorney