WILLIAM G. McDEVITT, Esq. (SBN 62065)
Of Counsel, Brayton Purcell, LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948
Telephone: (415) 898-1555
Facsimile:  (415) 898-1247

Attorneys for Plaintiff, RONALD RICHMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RICHMAN, | ) Case No. C07-05317 JCS |
| Plaintiff, | ) OPPOSITION TO MOTION TO DISMISS ) FOR LACK OF SUBJECT MATTER |
| vs. | ) JURISDICTION [FED. R. CIV. P. 12(b)] |
| UNITED STATES OF AMERICA, et al. | ) Date:     August 7, 2008 ) Time:    8:00 a.m. |
| Defendants. | ) Place:   Ctrm 9, 19th Floor ) Judge:   Hon. William H. Alsup |

Plaintiff submits the following Opposition to Motion to Dismiss for Lack of Subject Matter Jurisdiction:

I.

**PLAINTIFF'S CLAIM WITH THE INAPPROPRIATE AGENCY WAS CONSTRUCTIVELY FILED WITH THE APPROPRIATE AGENCY. [28 C.F.R. §14.2(b)(1)].**

This is an action for personal injuries arising out of a rear-end collision that occurred on October 24, 2005, caused by an employee of the United States driving a vehicle purportedly registered to "Wildlife Services." On October 6, 2006, less than a year after the subject

incident, plaintiff submitted an administrative tort claim with Wildlife Services (attached hereto as Exhibit A). Plaintiff had a reasonable and good faith belief that he had filed his administrative tort claim with the appropriate agency. Wildlife Services never **returned** plaintiff's claim or transferred it to the appropriate agency, as required by 28 C.F.R. §14.2(b)(1), guidelines established by the Department of Justice.

The address for Wildlife Services is 2800 Cottage Way, Sacramento, CA. The address for United States Animal, Plant and Inspection Service (herein after referred to as "APIS") is also in Sacramento, on Arden Way, less than a mile from Wildlife Services. On October 18, 2007, plaintiff an FTCA complaint against the United States of America (see docket #1, Exhibit B).

## II.

## PLAINTIFF CONSTRUCTIVELY FILED HIS CLAIM WITHIN THE TWO YEAR STATUTE OF LIMITATIONS.

Plaintiff filed his claim on October 11, 2006, less than a year after the accident. Under 28 C.F.R. §14.2(b)(1), Wildlife Services had an **affirmative duty** to transfer the claim to APIS or **return** the claim to plaintiff. *Ortiz v. United States* (2007) U.S. Dist. LEXIS 11294 *6. As noted in *Ortiz*:

> "...[U]nder certain limited circumstances, a claim filed with the wrong agency may nevertheless be considered constructively filed with the appropriate agency." See *Bukala v. United States*, 854 F. 2nd 201, 203-04 (7th Cir. 1998). The Department of Justice has established the following administrative guideline with respect to FTCA claims: A claim shall be presented to the federal agency whose activities gave rise to the claim. When a claim is presented to any other federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to claimant....Courts had interpreted 28 C.F.R. §14.2(b)(1) as imposing affirmative duties upon federal agencies who receive FTCA claims, but who are not the agency whose activities gave rise to the claim. See *Hart v. Department of Labor*

OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [FED. R. CIV. P. 12(b)]

*ex rel United States*, 116 F 3rd 1338, 1340 (10th Cir., 1997); *Greene v. United States*, 872 F 2nd 236-37 (8th Cir., 1989); *Bukala v. United States*, 854 F 2nd 201, 203-04 (7th Cir., 1988)…Such agencies 'in a dutiful and timely fashion' are to either transfer the claim to the appropriate agency if the agency can be identified from the claim or return the claim to the claimant if transfer is not feasible. See 28 C.F.R. §14.2(b)(1); *Hart v. Department of Labor ex rel United States*, 116 F 3rd at 1340-41 (10th Cir., 1997); *Bukala v. United States*, 854 F 2nd at 204 (7th Cir., 1988)….[W]hen an 'inappropriate agency' fails in its duty to promptly comply with section 14.2(b)(1), and, as a result, a timely filed, but misdirected claim does not reach the proper agency within the limitations, the claim may be considered timely filed. *Hart v. Department of Labor ex rel United States*, 116 F 3rd at 1341 (10th Cir., 1997); *Greene v. United States*, 872 F 2nd at 237 (8th Cir., 1989); *Bukala v. United States*, 854 F 2nd at 204 (7th Cir., 1988)…." *Ortiz v. United States* (2007) U.S. Dist. LEXIS 11294, *33-*35 (D. Cal. 2007).

In *Ortiz*, plaintiff mailed her claim to the United States Naval Legal Services Agency. The appropriate agency was HHS. The Navy never transferred the claim to HHS or returned the claim to plaintiff. The Court found that plaintiff's claim was "constructively filed" with the appropriate agency.

*Brewer v. United States* 2007 U.S. Dist. LEXIS 46985 (D. Tex. 2007) [Unpublished but permissible to cite, FRCP Rule 32.1(a)(ii)] followed *Ortiz*. In *Brewer*, claimant filed an administrative claim with the Clerk of the United States Court of Appeal for the Fifth Circuit, an inappropriate agency, less than seven weeks before the expiration of the two year Statute of Limitations. AO was the appropriate agency.

The Court denied defendant's Motion to Dismiss. The Court cited *Greene v. United States*, 872 F 2nd 236, 237 (8th Cir. 1989) for the proposition that:

> "When a federal agency fails to comply with section 14.2(b)(1), a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency."

The doctrine of constructive filing is "both logical as well as fair and equitable." *Bukala v. United States*, 854 F 2nd 201, 203 (7th Cir. 1998).

**OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [FED. R. CIV. P. 12(b)]**

3

In *Bukala*, a claim seeking damages for death due to malpractice at a V.A. Hospital was filed with the Equal Employment Opportunity Commission (EEOC). EEOC did not transfer the claim to V.A. A year later, claimant learned that V.A. had never received the claim and then re-filed with the V.A., but this time the limitations period had expired. The District Court dismissed the subsequent FTCA suit on grounds of limitations, but the 7th Circuit reversed, finding that the EEOC's failure to satisfy its duty under the transfer regulation to timely refer the misdirected claim to the V.A., or to **return** the claim, excused the failure to file the claim with the appropriate agency. The Court noted that the claimant had submitted her claim eight months before the two year filing deadline lapsed, and that under the special circumstances of this case it would be both logical as well as fair and equitable to find a constructive filing with the V.A. On remand, the Court in *Bukala v. United States*, 727 F. Supp. 382, 385 (D. Ill. 1989), the Court concluded:

> "The evidence shows that Mrs. Bukala filed her claim in the EEOC office on July 10, 1984, and the EEOC did not attempt to forward the claim to the V.A. as was its duty under the transfer regulation. Accordingly, Mrs. Bukala constructively filed her claim within the two year statute of limitations, and the United States' Motion to Dismiss is denied...." *Bukala v. United States* 727 F. 2nd 382, 385 (D. Ill. 1989).

In *Greene, Supra*, plaintiff fell down stairs in a government building she believed was under the jurisdiction of the GSA. She filed a claim with GSA, which was denied. When plaintiff filed an FTCA action, the government moved to dismiss, contending that the Department of Labor was the appropriate agency. The District Court granted the government's Motion to Dismiss. On appeal, the Court reversed, reasoning:

///

///

///

"...[W]hen a federal agency fails to comply with section 14.2(b)(1), a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency. Because Greene's claim was timely filed, albeit with the wrong agency, and because GSA failed to transfer or return the claim, her claim satisfies the FTCA administrative claim procedure...." *Greene v. United States, Supra* pages 4-5.

Exhibit C is a true and correct copy of the transcription of a voice mail message from Krystal Correia to Lani Hendricks, one of my former secretaries. Exhibit C is dated November 6, 2007, about three weeks after the expiration of the Statute of Limitations. At this time, I have no recollection as to when I received or reviewed this message. It was filed in the Richman file, which is where I located it.

According to Mr. Friederick, he was aware of plaintiff's claim "6 to 8 months" before his call (i.e., March to May 2007), he thought we had it confused with Fish & Game, and stated, "...I don't know if this is the right place for this."

According to 28 C.F.R. 14.2(b)(1), Mr. Friederick had an "affirmative duty" to transmit the claim to the appropriate agency or **return** the claim to the plaintiff's attorney. Presumably, he did not forward it to the appropriate agency in light of defendant's motion.

///

///

///

///

///

///

///

///

///

**OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [FED. R. CIV. P. 12(b)]**

## III.

## CONCLUSION

Plaintiff filed his claim over a year before the two year Statute of Limitations. Wildlife Services never returned plaintiff's claim or transferred it to the appropriate agency. Pursuant to 28 C.F.R. §14.2(b)(1), plaintiff's claim was constructively filed in a timely manner and not subject to dismissal.

Respectfully submitted,

DATED: July 9, 2008

LAW OFFICES OF WILLIAM G. MCDEVITT

By_____
WILLIAM G. McDEVITT, Esq.
Attorneys for Plaintiff

**OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [FED. R. CIV. P. 12(b)]**

**EXHIBIT A**

# BROWN & McDEVITT
## ATTORNEYS AT LAW

300 Drake's Landing Road, Suite 172
Greenbrae, CA 94904
Telephone (415) 925-9212
Facsimile (415) 464-9252

Linda Joanne Brown*
Christopher H. Dahms*
Workers' Compensation

William G. McDevitt
Katherine A. Wine
Personal Injury

October 11, 2006

U.S. Dept. of Fish & Wildlife Services
2800 Cottage Way, Room W-2605
Sacramento, CA 95825-1846

Re:  Claim for Damage or Injury

Dear Sir/Madam:

Enclosed you will find a Claim for Damage, Injury or Death regarding our client, Ron Richman. Please process the claim and return any documents, file-endorsed form, etc. to us in the enclosed envelope provided.

Thank you for your assistance and if you have any questions, feel free to call.

Very truly yours,

Barbara Plaut
Legal Assistant

WGM/bar
Enclosures

*Certified by The State Bar of California Board of Legal Specialization
This document/attachments printed/copied on recycled paper.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: <br><br> U.S. Dept. of Fish & Wildlife Service <br> 2800 Cottage Way, Room W-2605 <br> Sacramento, CA 95825-1846 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) <br><br> Ron Richman <br> c/o Brown & McDevitt <br> 300 Drakes Landing Rd. #172 <br> Greenbrae, CA 94904 |
|---|---|

| 3. TYPE OF EMPLOYMENT <br> ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH <br> 10/15/56 | 5. MARITAL STATUS <br> M | 6. DATE AND DAY OF ACCIDENT <br> 10/24/05 | 7. TIME (A.M. OR P.M.) <br> a.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Peter Lacy was an employee of the U.S. Dept. of Fish & Wildlife. On 10/24/05 claimant was driving his truck on Buchanan Field. Peter Lacy, an employee of the Dept. of Fish & Wild. was following claimant in a vehicle owned by U.S.A. At said time and place, Peter Lacy negligently, carelessly and recklessly drove his vehicle into the rear of claimant's vehicle, which was stopped on the side of the roadway.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Contra Costa County, 2530 Arnold Drive, Ste. 140, Martinez, CA 94553

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

Damage to the rear of claimant's vehicle and to the front of the vehicle driven by Mr. Lacy.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Cervical disk herniation and shoulder strain.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Tom Rasmussen | 1305 N.H. PMB 321, Lompoc, CA 93436 |

12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| Unknown | $250,000.00 | | $250,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) <br> [signature] <br> Attorney for Claimant | 13b. Phone number of person signing form <br> (415) 925-9212 | 14. DATE OF SIGNATURE <br> 10/6/06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109    NSN 7540-00-634-4046    STANDARD FORM 95 <br> PRESCRIBED BY DEPT. OF JUSTICE <br> 28 CFR 14.2

# EXHIBIT B

ADRMOP, E-Filing, MEDIATION

## U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:07-cv-05317-WHA

Richman v. United States of America et al
Assigned to: Hon. William H. Alsup
Demand: $250,000
Cause: 28:1364 Auto Negligence

Date Filed: 10/18/2007
Jury Demand: Plaintiff
Nature of Suit: 380 Personal Property: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

Ronald Richman        represented by   William George McDevitt
                                       Law Offices of William G. McDevitt
                                       222 Rush Landing Road
                                       P.O. Box 6169
                                       Novato, CA 94948
                                       415-898-1555
                                       Fax: 415-898-1247
                                       Email: kcorreia@braytonlaw.com
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

United States of America   represented by   Abraham A. Simmons
                                            U.S. Attorney's Office
                                            450 Golden Gate Avenue
                                            P.O. Box 36055
                                            San Francisco, CA 94102
                                            (415) 436-7264
                                            Fax: (415) 436-6748
                                            Email: abraham.simmons@usdoj.gov
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

U.S. Department of Fish & Wildlife Service   represented by   Abraham A. Simmons
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/27/2008 | 20 | MOTION to Dismiss for Lack of Jurisdiction filed by United States of America. Motion Hearing set for 8/7/2008 08:00 AM in Courtroom 9, 19th Floor, San Francisco. (Simmons, Abraham) (Filed on 6/27/2008) (Entered: 06/27/2008) |
| 05/22/2008 |  | Set/Reset Hearings: Mediation Hearing set for 7/8/2008 10:00 AM., at the U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102. Report to ADR Reception on the 16th floor to be directed to the assigned courtroom. (af, COURT STAFF) (Filed on 5/22/2008) (Entered: 05/22/2008) |
| 05/09/2008 |  | Pre MED phone conference scheduled on Wednesday, May 21, 2008 at 11:00 a.m. Mediator will initiate the conference call. (af, COURT STAFF) (Filed on 5/9/2008) (Entered: 05/09/2008) |
| 04/29/2008 | 19 | ADR Clerk's Notice Appointing Herb A. Schwartz as Mediator. (af, COURT STAFF) (Filed on 4/29/2008) (Entered: 04/29/2008) |

| | | |
|---|---|---|
| 04/16/2008 | 18 | AMENDED DOCUMENT by Ronald Richman. *Amended Initial Disclosures.* (Attachments: # 1 Proof of Service)(McDevitt, William) (Filed on 4/16/2008) (Entered: 04/16/2008) |
| 04/10/2008 | 17 | Minute Entry: Initial Case Management Conference held on 4/10/2008 before William Alsup (Date Filed: 4/10/2008), Case referred to mediation. Jury Trial set for 5/18/2009 07:30 AM. Pretrial Conference set for 5/4/2009 02:00 PM. (Court Reporter Joan Columbini.) (dt, COURT STAFF) (Date Filed: 4/10/2008) (Entered: 04/10/2008) |
| 04/10/2008 | 16 | CASE MANAGEMENT SCHEDULING ORDER: ORDER REFERRING CASE to ADR Unit for Mediation. Jury Trial set for 5/18/2009 07:30 AM in Courtroom 9, 19th Floor, San Francisco. Discovery due by 1/9/2009. Pretrial Conference set for 5/4/2009 02:00 PM in Courtroom 9, 19th Floor, San Francisco. Motions due by 2/26/2009. Signed by Judge William Alsup on 4/10/2008. (whasec, COURT STAFF) (Filed on 4/10/2008) (Entered: 04/10/2008) |
| 03/25/2008 | 15 | SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE re 14 Clerk's Notice. Signed by Judge William Alsup on 1/7/08. (dt, COURT STAFF) (Filed on 3/25/2008) (Entered: 03/25/2008) |
| 03/25/2008 | 14 | CLERK'S NOTICE Rescheduling Case Management Conference on Reassignment. Case Management Conference set for 4/10/2008 11:00 AM. Case Management Statement due by 4/3/2008. (dt, COURT STAFF) (Filed on 3/25/2008) (Entered: 03/25/2008) |
| 03/18/2008 | 13 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. William H. Alsup for all further proceedings. Judge Magistrate Judge Joseph C. Spero no longer assigned to the case. Signed by Executive Committee on 3/18/08. (mab, COURT STAFF) (Filed on 3/18/2008) (Entered: 03/18/2008) |
| 03/17/2008 | 12 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klh, COURT STAFF) (Filed on 3/17/2008) (Entered: 03/17/2008) |
| 03/14/2008 | 11 | Declination to Proceed Before a U.S. Magistrate Judge by United States of America, U.S. Department of Fish &Wildlife Service. (Simmons, Abraham) (Filed on 3/14/2008) (Entered: 03/14/2008) |
| 03/13/2008 | 10 | CASE MANAGEMENT STATEMENT *re Further CMC on 3/21/08* filed by Ronald Richman. (McDevitt, William) (Filed on 3/13/2008) (Entered: 03/13/2008) |
| 01/28/2008 | 9 | CASE MANAGEMENT AND PRETRIAL ORDER: Further Case Management Conference set for 3/21/2008 at 01:30 PM. Updated Case Management Statement due by 3/14/2008. Signed by Judge Joseph C. Spero on 1/28/08. (klh, COURT STAFF) (Filed on 1/28/2008) (Entered: 01/28/2008) |
| 01/25/2008 | 8 | Minute Entry: Initial Case Management Conference held on 1/25/2008 before Joseph C. Spero. Further case management conference set for 3/21/8 at 1:30 PM. Court to prepare Order. (Tape #Not Recorded.) (klh, COURT STAFF) (Date Filed: 1/25/2008) (Entered: 01/25/2008) |
| 01/17/2008 | 7 | CONSENT to Proceed Before a US Magistrate Judge by Ronald Richman.. (McDevitt, William) (Filed on 1/17/2008) (Entered: 01/17/2008) |
| 01/17/2008 | 6 | CASE MANAGEMENT STATEMENT *Civil L.R. 16-9* filed by Ronald Richman. (McDevitt, William) (Filed on 1/17/2008) (Entered: 01/17/2008) |
| 11/16/2007 | 5 | CLERK'S SECOND NOTICE TO PLAINTIFF RE: Consent to Proceed before a U.S. Magistrate Judge. Form due by Nov. 30, 2007. (klh, COURT STAFF) (Filed on 11/16/2007) (Entered: 11/16/2007) |
| 11/08/2007 | 4 | CLERK'S NOTICE re: Failure to E-File and/or Failure to Register as an E-Filer re: #1 Complaint (gba, COURT STAFF) (Filed on 11/8/2007) (Entered: 11/08/2007) |
| 10/23/2007 | 3 | CLERK'S NOTICE TO PLAINTIFF RE: Consent to Proceed before a U.S. Magistrate Judge. Form due by 11/6/7. (klh, COURT STAFF) (Filed on 10/23/2007) (Entered: 10/23/2007) |
| 10/18/2007 | | CASE DESIGNATED for Electronic Filing. (gba, COURT STAFF) (Filed on 10/18/2007) (Entered: 10/19/2007) |

| | | |
|---|---|---|
| 10/18/2007 | | Summons Issued as to United States of America, U.S. Department of Fish & Wildlife Service. (gba, COURT STAFF) (Filed on 10/18/2007) (Entered: 10/19/2007) |
| 10/18/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 1/18/2008. Case Management Conference set for 1/25/2008 01:30 PM. (Attachments: # 1 CMC Standing Order# 2 JCS Standing Order# 3 New Standing Order)(gba, COURT STAFF) (Filed on 10/18/2007) (Entered: 10/19/2007) |
| 10/18/2007 | 1 | COMPLAINT for Damages; Demand for Jury Trial against United States of America, U.S. Department of Fish & Wildlife Service (Filing fee $ 350.00, receipt number 34611011604). Filed by Ronald Richman. (gba, COURT STAFF) (Filed on 10/18/2007) (Entered: 10/19/2007) |

# EXHIBIT C



Phone Message taken by Krystal

Date: 11/6/2007; 2:23 PM

To: Lani

From: Chuck Freiderick from U.S. Fish & Wildlife in Sacramento 916-414-6606

Re: Richman

"We got the summons from Ronald Richman vs. United States Fish and Wildlife. It has to do with a gentleman named Greg Lacey, who is not nor has been on our payroll. I think we tried to tell somebody that 6 or 8 months ago. We think you've got it confused with Fish & Game. But, anyway my number here is 916-414-6606. And, anyway I don't know that this is the right place for this. But if somebody could give me a call, that would be great."

*[Handwritten note:]* Cty of Contra Costa was Public Works Cty admin now Dept of Airport

*Richman v. United States of America, et al.*
USDC Case No. C07-05317 JCS

**PROOF OF SERVICE (Code Civ. Proc. § 1013a)**

  I am a citizen of the United States. My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, CA 94948. I am employed in the County of Marin, where this mailing occurs. I am over eighteen years of age and not a party to the within cause. On the date set forth below, I served the attached document described as:

**OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [FED. R. CIV. P. 12(b)]**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Abraham A. Simmons
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
Tel: (415) 436-7264
Fax: (415) 436-6748
Email: abraham.simmons@usdoj.gov
**Attorney for Defendant U.S. Department of Agriculture**

Herb Schwartz
829 Locust Street
Garberville, CA 95542
Tel: (707) 923-2223
Fax: (707) 923-2082
**Mediator**

[X] **(BY MAIL)** I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on July _10_, 2008, following ordinary business practices.

[ ] **(BY EXPRESS MAIL OVERNIGHT DELIVERY)** I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by the US Postal Service. I am readily familiar with Brayton Purcell's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Brayton Purcell's business practice the document described above will be deposited in a box or other facility regularly maintained by the US Postal Service at Novato, California on the same date that it is placed at Brayton Purcell for collection

[ ] **(BY FACSIMILE)** I caused said documents to be transmitted by facsimile machine to the number indicated after the address(es) noted above.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July _10_, 2008, at Novato, California.

_____
Krystal Correia

**Proof of Service**