JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7264
Facsimile: (415) 436-6748

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD RICHMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. C 07-5317 WHA<br><br>REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [FED. R. CIV. P. 12(b)]<br><br>Date: August 7, 2008<br>Time : 8:00 a.m.<br>Place: Ctrm 9, 19th Fl.<br>Before: Hon. William H. Alsup |

**INTRODUCTION**

Defendant filed a motion to dismiss on the ground that plaintiff could not demonstrate he presented to the Department of Agriculture a timely and sufficient administrative tort claim– such a claim being a jurisdictional prerequisite to this action filed pursuant to the Federal Tort Claims Act ("FTCA"). In response, plaintiff acknowledges he has failed to present a timely claim to the Department of Agriculture, but relies upon non-binding authorities for the proposition that this Court should establish a new rule, i.e. that his misdirected tort claim to the Department of the Interior should be deemed "constructively filed" with the proper agency. Plaintiff's argument– and his evidence– are insufficient to defeat the motion to dismiss.

As a preliminary matter, the authorities cited by plaintiff cannot trump the Ninth Circuit law that strictly construes the jurisdictional limitations in the FTCA and its implementing regulations. See 28 U.S.C. § 2401(b); 2675(a); 28 C.F.R. § 14.2(a). Strict construction of these authorities is inconsistent with plaintiff's theory of "constructive filing" and therefore the theory should be rejected. But even if this Court were to adopt a theory of constructive filing, such a theory should not be applied in a case like this one where it is undisputed that the agency contacted the plaintiff's legal representative and informed him that the tort claim was submitted to the wrong agency. Additionally, the factual premise upon which plaintiff's constructive filing theory rests– that the Department of the Interior neither forwarded the misdirected tort claim to the Department of Agriculture nor returned the tort claim to plaintiff– is simply wrong. In this case, the Department of the Interior returned plaintiff's claim with a note informing plaintiff that he should attempt to find the appropriate agency to which he should present the administrative tort claim. For all these reasons, the defendant's motion should be granted and this case should be dismissed with prejudice.

## I. FACTS

As set out in the moving papers, this case involves an accident that occurred on October 24, 2005. Complaint at ¶ 5. At that time, plaintiff Ronald Richman was driving a truck within the course and scope of his employment with the County of Contra Costa when he was involved in an automobile accident with Peter Lacy, an employee of the United States Department of Agriculture. Complaint at ¶ 6. Although plaintiff's employer presented an administrative claim for damage, injury or death (" SF 95") to the United States Department of Agriculture on October 16, 2007, *see* Docket No. 18, Exh. A, plaintiff did not present a timely claim with the agency.

In opposition to defendant's motion, plaintiff concedes he did not present a timely claim with the Department of Agriculture. See Opposition at 1-2. Plaintiff nevertheless relies on two declarations to establish the factual basis for his argument. First, he submits his counsel's declaration to establish that on October 11, 2006, he mistakenly mailed to the Department of the Interior an administrative tort claim. Declaration of William G. McDevitt In Opposition To

Motion To Dismiss For Lack Of Subject Matter Jurisdiction ("McDevitt Decl."), Exh. A. The declaration also states that the administrative tort claim submitted to the Department of the Interior was "never returned to plaintiff as required by 28 C.F.R. § 14.2(b)(1)." McDevitt Decl. at ¶ 8. Second, plaintiff submits the Declaration of Krystal Correia to establish that the claim was received by Department of Interior employee Chuck Friedrick who on November 6, 2007, left a telephone voice message with plaintiff's attorney stating "I think we tried to tell somebody" between May and March of 2007 that plaintiff submitted the administrative claim with the wrong agency. Declaration of Krystal Correia In Opposition To Motion To Dismiss For Lack Of Subject Matter Jurisdiction ("Correia Decl."), ¶ 6, Exh. A. In the text of his opposition, plaintiff also states, "presumably," Friedrick did not forward the administrative claim to the appropriate agency. Opposition at 5: 15-16.

Freidrick acknowledges having received the administrative tort claim. Declaration of Charles Friedrick at ¶ 2. He asserts that when he received the claim, he performed an investigation and discovered the claim likely was submitted to the wrong agency. Friedrick Declaration at ¶ 4. He further notes that he was unable to determine from the information provided to him the appropriate agency to which agency the claim should be presented and so he returned the tort claim to the plaintiff with a note. Friedrick Declaration at ¶ 6. The note was written directly on the claim and stated that claim likely was filed with the wrong agency. Friedrick Declaration at ¶ 6.

## II. ANALYSIS

1. <u>This Court Should Not Follow The Decisions Regarding Constructive Filing</u>

The Supreme Court has noted that "in the long run, experience teaches us that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil v. United States*, 508 U.S. 106, 133 (1993) (internal quotation and citation omitted). A critical procedural requirement under the FTCA is the presentation of the claim to the appropriate administrative body. 28 U.S.C. § 1346(b)(1); *Caldwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). The requirement of presenting an administrative claim is jurisdictional and cannot be waived. *Blain v. United States,* 552 F.2d

289, 291 (9th Cir. 1977) (per curiam). A claim is deemed to have been presented when the proper federal agency receives the claim. 28 C.F.R. 14.2(a).

In this case, plaintiff seeks to carve out an exception to these rules by arguing that the claim was constructively filed with the appropriate agency. Such a rule is inconsistent with Ninth Circuit authority. This Circuit has not established such a rule and has instead followed the general principal that the plaintiff, and not the government, is responsible for ensuring the proper presentment of an administrative claim to the appropriate agency. *See, e.g.*, *Vacek v. United States*, 447 F.3d 1248, 1250 (9th Cir. 2006) (rejecting "mailbox rule" for administrative claims timely mailed, but late received by agency). In sum, this Circuit has observed that the jurisdictional limitations for filing suit must be strictly construed and exceptions may not easily be read into the statute and its regulations. *See Jervis v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

Further, there is nothing in the regulations that suggests that the government's obligation to forward or return an errant administrative claim should in any way affect the plaintiff's obligation to properly present the claim with the right agency. There is a good reason such a rule finds no support in the statute, the regulations, nor this Circuit's jurisprudence. Such a rule would, in essence, encourage attorneys who are unsure where to spend less time investigating the proper agency with which to file a claim and instead present their claims to improper agencies in hopes that the agency will either do the investigation, or better, do nothing at all– thus avoiding the presentment requirement altogether. The better rule is to ensure that claimants take responsibility for presenting their claims to the appropriate agency.

2. <u>Even If This Court Accepts That Constructive Filing Can Occur, The Rule Should Not Be Appled In This Case.</u>

Plaintiff acknowledges that after he served a summons on the Department of the Interior, Chuck Freidrick again called him. Opposition, Exh. C. What plaintiff does not address is the fact that Freidrick stressed that he thought that "we tried to tell somebody that 6 or 8 months ago." Opposition, Exh. C. Constructive filing, if it exists, is to prevent the situation where the plaintiff is innocently unaware that he has presented his claim to the wrong agency. In such a situation, the agency's silence (i.e., failure to return the claim) and failure to forward the claim

would, coupled with plaintiff's lack of diligence, operate to preclude a later district court action. Here, plaintiff does not dispute that Freidrick attempted to convince someone in plaintiff's counsel's office that the claim was presented to the wrong agency.

Because the agency was not improperly silent regarding the fact that plaintiff presented his claim to the wrong agency, the rules regarding constructive filing should not be applied here.

3. The Department of the Interior Returned Plaintiff's Tort Claim To Him.

Plaintiff's entire constructive filing theory rests on an erroneous factual proposition, i.e., that the Department of the Interior never returned to him his improperly-presented administrative claim. According to plaintiff, the Department's failure to either forward the claim to the appropriate agency or return it to plaintiff is a violation of 28 C.F.R. § 14.2(b)(1) that justifies application of the constructive filing rules. Opposition at 5. Plaintiff's factual premise is wrong.

Chuck Friedrick received the claim and did exactly what he was supposed to do. He discovered the claim was presented to the wrong agency, he attempted to determine which agency was the right one, and having failed to find the right agency, sought advice of counsel and returned the claim to plaintiff. Friedrick Declaration at ¶ 6. In sum, plaintiff's bald assertion that the claim was not returned is simply wrong. Whether or not plaintiff actually received it or failed to find the returned document, the fact is that the Department of the Interior complied fully with its obligations under 28 C.F.R. § 14.2(b)(1).

## III. CONCLUSION

This Court should dismiss the complaint in this case for lack of subject matter jurisdiction because the Department of Agriculture did not receive an administrative tort claim from plaintiff in this matter on or before October 24, 2007 and the rules regarding constructive filing of claims presented to the wrong agency have not been adopted in this jurisdiction and, in any event, are inapplicable.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: July 24, 2008

/s/
ABRAHAM A. SIMMONS
Assistant United States Attorney