IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD RICHMAN,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

No. C 07-05317 WHA

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

In this tort action, defendant moves to dismiss on the ground that plaintiff failed to timely present his claim to the proper federal agency as required under the Federal Tort Claims Act. For the reasons stated below, defendant's motion is **DENIED**.

## STATEMENT

This action arises out of an automobile accident occurring on October 24, 2008. Plaintiff Ronald Richman, an employee of the County of Contra Costa, was driving his vehicle when another vehicle driven by Peter Lacy, an employee of the United States Department of Agriculture, collided with him (Compl. ¶ 6). At the time of the collision, Richman was driving his vehicle within the scope of his employment with the County (*ibid.*).

On October 11, 2006, plaintiff alleges that he sent an administrative claim for damage to the United States Department of Fish and Wildlife Services (McDevitt Exh. A). The administrative claim, however, should have been sent to the USDA. Richman's employer filed an administrative claim with the USDA on October 16, 2007. Richman then filed the present

action on October 18, 2007, seeking general damages in the amount of $250,000. Defendant now moves to dismiss for failure to comply with the notice requirements of the FTCA. In opposition to this motion, Richman attached the declaration of Krystal Correia, his counsel's legal assistant, who stated that she received a phone call from an employee at the USFWS, Charles Friedrich, on November 6, 2007. She transcribed the message as follows (Correia Decl. Exh. A):

> We got the summons from Ronald Richman vs. United States Fish and Wildlife. It has to do with a gentlemen named Greg Lacey, who is not nor has been on our payroll. I think we tried to tell somebody that 6 or 8 months ago. We think you've got it confused with Fish & Game. But, anyway my number here is 916-414-6606. And, anyway I don't know that this is the right place for this. But if somebody could give me a call, that would be great.

Correia alleges that it was her practice to write down telephone messages verbatim when left.

## ANALYSIS

### 1. LEGAL STANDARD.

On a motion to dismiss, a district court must accept all well-pled allegations of the complaint as true, but the district "court may look beyond the plaintiff's complaint to matters of public record." *Shaw v. Hahn*, 56 F.3d 1128, n.1 (9th Cir. 1995). A complaint should not be dismissed unless it is clear that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Even if the chance of recovery is remote, a court must allow plaintiff the opportunity to develop a case. Dismissal is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact. Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

**2.     DID RICHMAN FILE HIS CLAIM TIMELY?**

One prerequisite to filing a tort claim against the United States under the FTCA is that the claim be presented to the proper governmental agency in a timely matter. Under 28 U.S.C. 2401(b) (emphasis added):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the *appropriate* Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

This prerequisite is jurisdictional and cannot be waived. *See Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977).

The incident which Richman bases his claim occurred on October 24, 2005. Richman, therefore, had until October 24, 2007, two years from the date of the incident, to present his claim in writing to the appropriate federal agency. Here, the appropriate agency was the Department of Agriculture. In his opposition, Richman acknowledges that he failed to timely present his claim to the Department of Agriculture directly. Instead, Richman relies on a theory of constructive notice. The Department of Justice has adopted several regulations in regards to FTCA. One such regulation is 28 C.F.R. 14.2(b)(1), which provides in pertinent part:

> A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

Richman argues that the government's failure to comply with this regulation now precludes it from relying on the notice requirements of 28 U.S.C. 2401(b) to bar suit.

Although the Ninth Circuit has yet to directly address this argument, other circuits have found that a timely, but incorrectly, filed claim does constitute proper presentment where the federal agency failed to comply with 28 C.F.R. 14.2(b)(1). In *Bukala v. United States*, 854 F.2d

201 (7th Cir. 1988), the plaintiff incorrectly filed her tort claim with the Equal Employment Opportunity Commission when it should have been file with the Veterans Administration. The EEOC did not transfer the claim to the VA or return the claim back to the plaintiff. By the time the plaintiff realized that the VA had never received her claim, the limitations period had already expired. After the suit was filed at the district court, the VA moved to dismiss on the ground that the plaintiff had failed to present her claim to the VA within the two year limitations period. The district court granted the motion. The Seventh Circuit reversed, framing the question as one of first impression for the circuit:

> Does 28 C.F.R. 14.2(b)(1), the tort claim transfer regulation, allow a district court, in appropriate circumstances, to deem a claim delivered to an improper federal agency timely 'presented' even though it is ultimately presented to the appropriate agency only after the FTCA's two-year statute of limitations has run?

*Id*. at 202. The decision stated:

> Unlike the regulations under review in some of our prior cases, the transfer regulation is not inconsistent with its authorizing legislation; rather, 28 C.F.R. 14.2(b)(1) is thoroughly consistent with the intent of Congress as expressed in its 1966 amendments to the FTCA. When Congress added the present mandatory administrative claims procedure to the FTCA, it did so specifically to provide for 'more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government.' S.Rep. No. 1327, 89th Cong., 2d Sess. 2, reprinted in 1966 U.S.Code Cong. & Admin.News 2515-16. Interpreting the transfer regulation to allow for constructive filing (*i.e.*, a relation back) of claims presented within the limitations period of Section 2401(b) but delivered to the wrong agency and neither transferred to the proper agency nor returned to the claimant, is both logical as well as fair and equitable.

On remand, the district court concluded that because the EEOC had failed to comply with Section 14.2(b)(1), the plaintiff's claim against the VA was constructively filed within the limitations period.

The Eighth Circuit reached a similar conclusion in *Greene v. United States*, 872 F.2d 236 (8th Cir. 1989). There, the plaintiff fell down stairs in a building owned and operated by the United States. Before the limitations period on her claim had expired, the plaintiff presented her claim to the General Services Administration. The GSA acknowledged the plaintiff's claim

4

and subsequently denied it. The plaintiff then filed suit and the United States moved to dismiss on the ground that the plaintiff had presented her claim to the wrong agency. In response to the motion, the plaintiff contended that her claim had been constructively filed because the government had failed to comply with the requirements of 28 C.F.R. 14.2(b)(1). The district court disagreed and granted the government's motion. The Eighth Circuit reversed holding:

> When a federal agency fails to comply with section 14.2(b)(1), a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency. Because Greene's claim was timely filed, albeit with the wrong agency, and because GSA failed to transfer or return the claim, her claim satisfies the FTCA administrative claim procedure.

*Id.* at 237. The decision specifically cited to *Bukala*.

This order agrees with the analysis of the Seventh and Eighth Circuits. 28 C.F.R. 14.2(b)(1) expressly sets forth two procedures that a government agency must comply with when it receives an incorrectly filed claim. It can either (i) transfer the claim to the appropriate agency or (ii) return the claim with a note back to the claimant where it cannot be determined from the claim who the appropriate agency is. Without these protections, a plaintiff who inadvertently filed their claim with the incorrect agency would otherwise have no means to learn of and remedy their mistake. It seems only prudent, therefore, that an incorrectly filed claim be deemed constructively filed when the government fails to comply with the regulation.

The only response defendant has presented is that the Ninth Circuit has generally adopted a strict adherence to the procedural requirements of the FTCA. *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995)("We interpret the FTCA's administrative claim provisions strictly . . . ."); *see also Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006). This response, however, is no response at all. The requirements of 28 C.F.R. 14.2(b)(1) must mean something. Under defendant's logic, they could be thrown entirely out the window. In general, where the FTCA's administrative claim provisions are clear and unambiguous, they should be read strictly in favor of the government even if that means a harsh result for a plaintiff. But where, as here, they require action by the government agency, they cannot be ignored.

5

1    This order now turns to the issue of whether the facts of this case warrant a finding that
2 Richman's claim was constructively filed. Defendant argues that no finding of constructive
3 filing should be found for two reasons. Each of these reasons must be rejected. *First*,
4 defendant argues that the message transcribed by Krystal Correia, his counsel's legal assistant,
5 indicates that plaintiff was well on notice during the limitations period that his claim had been
6 incorrectly filed. The sole basis for this assertion is the fact that in the message Charles
7 Friedrich (the USFWS employee) stated that somebody had tried to contact plaintiff "6 or 8
8 months ago" about the mistaken filing. Because of this, defendant contends that plaintiff must
9 have had notice of the mistake well before the limitations period expired. Besides the obvious
10 evidentiary difficulties with the statement, even if it were taken as true, it would not show
11 compliance with 28 C.F.R.14.2(b)(1). At this stage in litigation, such scant evidence is hardly
12 enough to bar suit.

13   *Second*, defendant argues that Richman has offered no proof that his claim was never
14 returned to him as required by 28 C.F.R. 14.2(b)(1). Richman's sole evidence on this issue is a
15 declaration from his counsel stating that the claim was never returned to him (McDevitt Decl. ¶
16 8). For its part, defendant offers the declaration of Charles Friedrich who states that when he
17 recieved the incorrectly filed claim that he returned it back to Richman with a note indicating
18 that it had been filed with the wrong agency (Friedrich Decl. ¶ 6). Defendant has provided no
19 copy of the letter purportedly sent back to Richman or any record indicating that such a letter
20 was sent. Once again, it would simply be too premature to dismiss Richman's claims based
21 solely on the fact that he has no direct evidence that USFWS failed to send his claim back to
22 him. In fact, if any party was in a better position to come forward with evidence showing that
23 the letter had been returned back to Richman, it would be the government for it is the party who
24 purportedly returned the letter. No such evidence has been presented here.

25   Nonetheless, on the current record, there are genuine factual issues relating to
26 jurisdiction. In particular, whether or not the government complied with 28 C.F.R. 14.2(b)(1).
27 As already stated, "[w]here the jurisdictional issue is separable from the merits of the case, the
28 judge may consider the evidence presented with respect to the jurisdictional issue and rule on

6

that issue, resolving factual disputes if necessary." *Thornhill Pub. Co., Inc.*, 594 F.2d at 733. Here, the factual issues relating to jurisdiction appear to be separate and distinct from those relating to the merits of the case. An evidentiary hearing will therefore be held with respect to the factual issues relating to jurisdiction. The hearing will be set for **OCTOBER 29, 2008, AT 1 PM**. Counsel shall cooperate to ensure that discovery on the jurisdictional issues of this case is completed by that time. This does not mean, however, that discovery is limited to this sole issue. Discovery as to all issues in this case should continue as scheduled. The Court expects the hearing will be completed by the end of the afternoon on October 29.

## CONCLUSION

For the above-stated reasons, defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 7, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7