WILLIAM G. McDEVITT, Esq. (SBN 62065)
Of Counsel, Brayton Purcell, LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948
Telephone: (415) 898-1555
Facsimile:  (415) 898-1247

Attorneys for Plaintiff, RONALD RICHMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RONALD RICHMAN, | ) Case No. C07-05317 WHA |
|---|---|
| Plaintiff, | ) [C08-03499-MEJ; RELATED ACTION] ) |
| vs. | ) NOTICE OF MOTION AND MOTION TO ) INTERVENE AS A PLAINTIFF [F.R.C.P. ) RULE 24] |
| UNITED STATES OF AMERICA, et al. | ) |
| Defendants. | ) Date:   October 9, 2008 ) Time:   8:00 a.m. ) Place:  Ctrm 9, 19th Floor   Before: Hon. William H. Alsup |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 9, 2008 at 8:00 a.m. or as soon thereafter as may be heard, Ronald Richman, the proposed intervener, will request Honorable William H. Alsup in Courtroom 9, 19th Floor at 450 Golden Gate Avenue in San Francisco, CA, pursuant to Federal Rules of Civil Procedure 24(b)(2) to allow Ronald Richman to intervene and file a Complaint in Intervention in Action No. C08-03499-MEJ, now consolidated as a related claim in the subject action. This Motion will be made on the grounds that the plaintiff has a right to intervene in the action filed by his employer, which is not subject to defendant' Motion to Dismiss.

NOTICE OF MOTION AND MOTION TO INTERVENE AS A PLAINTIFF
[F.R.C.P. RULE 24]
1

## MOTION

Ronald Richman moves this court for an Order that he may be permitted to intervene as a plaintiff in Action No. C08-03499-MEJ, now consolidated with the subject case as a "Related Action," under Rule 24(b)(2) of the Federal Rules of Civil Procedure. The subjection action was filed by plaintiff's employer to recover Workers' Compensation benefits paid as a result of an automobile collision that occurred on October 24, 2005. Ronald Richman also filed a claim for personal injuries arising out of the subject collision, but with the wrong Federal Agency. The United States moved to dismiss Mr. Richman's claim because it was filed with the wrong agency. Mr. Richman opposed the Motion to Dismiss alleging that the United States failed to comply with 28 C.F.R. §14.2(b)(1). The United States motion was heard and denied on August 7, 2008. The court has scheduled an evidentiary hearing with respect to the factual issues relating to jurisdiction that will be heard on October 29, 2008 at 1:00 p.m.

By intervening in the action filed by plaintiff's employer, the County of Contra Costa, Ronald Richman seeks to assert additional claims set out in the attached Complaint in Intervention.

Ronald Richman should be permitted to intervene in the action filed by his employer because:

1. The applicant's claim is based on common questions of law and fact to those asserted by the parties already present in the action. In particular, as established by the Declaration of William G. McDevitt, the common questions involve the negligence of the United States in connection with the rear-end automobile collision that occurred on October 24, 2005 wherein Mr. Richman was injured

during the course and scope of his employment with the County of Contra Costa;

2. Both Mr. Richman and the County Contra Costa are seeking monetary damages as a result of the losses they sustained because of the alleged negligence of the driver of the automobile, an employee of the United States, who was operating a motor vehicle, owned by the United States "Wildlife Services," United States license no. 13986;

3. Under California Law, the employer has a right to intervene in the action filed by the employee and the employee as a right to intervene in the action filed by the employer;

4. The facts that will establish the responsibility of the United States for Mr. Richman's injury are literally identical to the facts that will establish responsibility to reimburse the County of Contra Costa for Workers' Compensation benefits paid. Therefore, there is a substantial overlap of questions of fact justifying intervention in this case;

5. Intervention will not prejudice the United States because Mr. Richman's claim was filed with the wrong agency a year before the expiration of the Statute of Limitations and Chuck Friederick who received claims from both Mr. Richman and the County of Contra Costa failed to comply with his affirmative duty under 28 C.F.R. 14.2(b)(1) with respect to the claim filed by Mr. Richman on October 6, 2006 and the claim filed by the County of Contra Costa on May 2, 2007.

///

///

**NOTICE OF MOTION AND MOTION TO INTERVENE AS A PLAINTIFF [F.R.C.P. RULE 24]**

The Motion for Intervention is timely made because the hearing on defendant's Motion to Dismiss and the court's Order thereon occurred on August 7, 2008, about two weeks before the filing of the subject motion and over two months before the evidentiary hearing on defendant's Motion to Dismiss, currently set for October 29, 2008.

The court has subject matter jurisdiction of the claims raised by intervener because the claim of plaintiff's employer was timely filed with the appropriate agency even though the employer's initial claim was filed with the same agency to which plaintiff submitted his claim. Both actions are made under the Federal Tort Claims Act which gives Federal courts exclusive jurisdiction of both the original and the intervening claims.

Ronald Richman has attached the proposed Complaint in Intervention to this Motion, as required by Rule 24(c) of the Federal Rules of Civil Procedure.

This Motion is based on this document, the Notice of Motion, the Certificate of Service, the Supporting Declaration of William G. McDevitt, the Supporting Memorandum of Points and Authorities, the proposed Complaint in Intervention, and all of the papers in records on file in this action, and on whatever evidence and argument may be allowed at the hearing of this Motion.

Respectfully submitted,

DATED: August 20, 2008

LAW OFFICES OF WILLIAM G. MCDEVITT

By _____
WILLIAM G. McDEVITT, Esq.
Attorneys for Plaintiff

*Richman v. United States of America, et al.*
*USDC Case No. C07-05317 JCS*

### PROOF OF SERVICE (Code Civ. Proc. § 1013a)

I am a citizen of the United States. My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, CA 94948. I am employed in the County of Marin, where this mailing occurs. I am over eighteen years of age and not a party to the within cause. On the date set forth below, I served the attached document described as:

**NOTICE OF MOTION AND MOTION TO INTERVENE AS A PLAINTIFF**
**[F.R.C.P. RULE 24]**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Abraham A. Simmons | Mark A. Cartier, Esq. |
| U.S. Attorney's Office | Thomas Lyding Cartier & Gaus, LLP |
| 450 Golden Gate Avenue | 3100 Oak Road, Suite 310 |
| P.O. Box 36055 | P. O. Box 8072 |
| San Francisco, CA 94102 | Walnut Creek, CA 94597 |
| Tel: (415) 436-7264 | Tel: 925-930-7270 |
| Fax: (415) 436-6748 | Fax: 925-256-8148 |
| Email: abraham.simmons@usdoj.gov | **Attorney for County of Contra Costa** |
| **Attorney for Defendant U.S. Department of Agriculture** | |

[X]  **(BY MAIL)** I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on August 21, 2008, following ordinary business practices.

[ ]  **(BY EXPRESS MAIL OVERNIGHT DELIVERY)** I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by the US Postal Service. I am readily familiar with Brayton Purcell's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Brayton Purcell's business practice the document described above will be deposited in a box or other facility regularly maintained by the US Postal Service at Novato, California on the same date that it is placed at Brayton Purcell for collection

[ ]  **(BY FACSIMILE)** I caused said documents to be transmitted by facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 21, 2008, at Novato, California.

Krystal Correia