WILLIAM G. McDEVITT, Esq. (SBN 62065)
Of Counsel, Brayton Purcell, LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948
Telephone: (415) 898-1555
Facsimile:   (415) 898-1247

Attorneys for Plaintiff, RONALD RICHMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RICHMAN,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.<br><br>          Defendants. | Case No. C07-05317 WHA<br>[C08-03499-MEJ; RELATED ACTION]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RONALD RICHMAN'S MOTION TO INTERVENE AS A PLAINTIFF [F.R.C.P. RULE 24]**<br><br>Date:     October 9, 2008<br>Time:    8:00 a.m.<br>Place:    Ctrm 9, 19th Floor<br>Before:  Hon. William H. Alsup |

Plaintiff, Ronald Richman, submits the following Points and Authorities in support of his Motion to Intervene in the action filed by his employer, County of Contra Costa:

**RONALD RICHMAN IS ENTITLED TO INTERVENE IN THE ACTION FILED BY HIS EMPLOYER BECAUSE HIS EMPLOYER'S CLAIM AGAINST THE UNITED STATES WAS FILED WITH THE APPROPRIATE AGENCY IN A TIMELY MANNER. [F.R.C.P. Rule 24].**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RONALD RICHMAN'S MOTION TO INTERVENE AS A PLAINTIFF [F.R.C.P. RULE 24]

1

Under California law, both the employer and the employee have a right to intervene in an action filed by the other. [California Labor Code §3853; *State Compensation Insurance Fund v. Matulich* (1942) 55 Cal. App. 2nd 528, 530]. The allowable damages in a Federal Tort Claim Action are determined by State law. [*Lewis v. United States*, 680 F. 2nd 86, 69; 9th Cir. 1982]. An employer's claim for reimbursement is predicated upon proving the total amount of the employee's personal injury damages and the employer's recovery is governed by the amount the injured worker could recover. [*Breese v. Price* (1981) 29 Cal. 3rd 923, 926, 928]. *Breese* further held that "…substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit." [*Breese v. Price, Supra* at page 928; *County of San Diego v. Sanfax Corp.* (1977) 19 Cal. 3rd 862, 874].

Federal Courts apply California law on issues involving Workers' Compensation and the right to intervene in third-party Workers' Compensation claims at any time before trial. [California Labor Code §3853; *Charter Oak Fire Ins. Co. v. Sodexho Marriott*, 478 F. Sup. 2nd 1151, 1153 (N.D. Cal. 2007)]. An administrative claim filed by the employer serves to toll the limitations with respect to the employee since the actions are essentially the same and "interchangeable." [California Labor Code §3853; *Breese v. Price, Supra*; *County of San Diego v. Sanfax Corp.*; *Executive Jet Aviation v. United States*, 507 F. 2nd 508, 517]. The technical procedure of the Torts Claims Act are subject to the clear demands of justice. [*Sky Harbor Air Service, Inc. v. United States*, 34 F. Supp. 594 (D. Neb. 1972); *Ozark v. Airlines, Inc. v. Delta Airlines, Inc.*, 63 F.R.D. 69(N.D. Ill. 1974)].

In *Young v. United States*, 372 F. Supp. 736, 741 (S.D. Ga. 1974), a husband filed an administrative claim for the death of his wife; the children did not. The government moved to

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RONALD RICHMAN'S MOTION TO INTERVENE AS A PLAINTIFF [F.R.C.P. RULE 24]**

2

dismiss the children because of their failure to file an administrative claim. Defendant's Motion to Dismiss was denied because "strict reliance on the technicalities of the regulations would work an injustice." [See also, *Locke v. United States*, 351 F. Supp. 185(d) Hawaii 1972; *Stokes v. United States*, 444 F. 2nd 69 (4th Cir. 1971)].

The purpose of the claims filing requirement is to ease court congestion and make it possible for early settlement of claims against the government. This requirement was not created to eliminate claims or "act as a trap for the unwary claimant." [*Sky Harbor Air Service v. United States, Supra*]. The 9th circuit has followed the reasoning of the above referenced cases. [*Cummings v. United States*, 704 F. 2nd 437 (9th Cir. 1983)].

## CONCLUSION

Mr. Richman's claim is based on the same law and facts as that of the County of Contra Costa. The actions are interchangeable; regardless of who brings the action, it is essentially the same lawsuit.

Initially, both Mr. Richman and the County of Contra Costa filed their administrative claims with the wrong agency. The agency that received the administrative claims had an affirmative duty to forward **both** claims to the appropriate federal agency or to return the claims to the individual claimants. Even though Mr. Friedrick received Mr. Richman's claim over a year before the expiration of the claim's filing deadline and received the claim of the County of Contra Costa over seven months before the statutory period expired, he failed to return either of the claims or to forward either of the claims to the appropriate federal agency.

Fortunately, the County of Contra Costa filed its claim, arising out of the same accident, on October 16, 2007, six days before the expiration of the statutory period.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RONALD RICHMAN'S MOTION TO INTERVENE AS A PLAINTIFF [F.R.C.P. RULE 24]

It is respectfully submitted that California law allows Mr. Richman to intervene in the County's action and that his Motion to Intervene has been submitted in a timely fashion.

Respectfully submitted,

DATED: August 20, 2008            LAW OFFICES OF WILLIAM G. MCDEVITT

By _____
WILLIAM G. McDEVITT, Esq.
Attorneys for Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RONALD RICHMAN'S MOTION TO INTERVENE AS A PLAINTIFF [F.R.C.P. RULE 24]

4

*Richman v. United States of America, et al.*
USDC Case No. C07-05317 JCS

**PROOF OF SERVICE (Code Civ. Proc. § 1013a)**

    I am a citizen of the United States. My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, CA 94948. I am employed in the County of Marin, where this mailing occurs. I am over eighteen years of age and not a party to the within cause. On the date set forth below, I served the attached document described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RONALD RICHMAN'S MOTION TO INTERVENE AS A PLAINTIFF [F.R.C.P. RULE 24]**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Abraham A. Simmons
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
Tel: (415) 436-7264
Fax: (415) 436-6748
Email: abraham.simmons@usdoj.gov
**Attorney for Defendant U.S. Department of Agriculture**

Mark A. Cartier, Esq.
Thomas Lyding Cartier & Gaus, LLP
3100 Oak Road, Suite 310
P. O. Box 8072
Walnut Creek, CA 94597
Tel: 925-930-7270
Fax: 925-256-8148
**Attorney for County of Contra Costa**

[X]     **(BY MAIL)** I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on August 21, 2008, following ordinary business practices.

[ ]     **(BY EXPRESS MAIL OVERNIGHT DELIVERY)** I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by the US Postal Service. I am readily familiar with Brayton Purcell's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Brayton Purcell's business practice the document described above will be deposited in a box or other facility regularly maintained by the US Postal Service at Novato, California on the same date that it is placed at Brayton Purcell for collection

[ ]     **(BY FACSIMILE)** I caused said documents to be transmitted by facsimile machine to the number indicated after the address(es) noted above.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 21, 2008, at Novato, California.

                                                Krystal Correia