JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-7264
    Facsimile:  (415) 436-6748

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD RICHMAN,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>        Defendant. | No. C 07-5317 WHA |
| COUNTY OF CONTRA COSTA,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br>UNITED STATES DEPARTMENT OF<br>AGRICULTURE ANIMAL & PLANT<br>HEALTH INSPECTION SERVICE, PETER<br>LACY, and DOES 1 through 5, inclusive,<br><br>        Defendants. | **STIPULATION REGARDING SETTLEMENT AND RELEASE AND ORDER**<br><br>No. C 08-3499 WHA |

### **SETTLEMENT AGREEMENT**

This SETTLEMENT AGREEMENT is made as of the 24th day of February, 2008, by and between the United States of America ("the United States"), Ronald Richman ("Plaintiff") and the County of Contra Costa ("Subrogee").

**R E C I T A L S:**

    A.    On or about October 18, 2007, Plaintiff filed an action in the United States District Court for the Northern District of California, entitled Ronald Richman v. United

States of America, et al., Case No. C-07-5317 ("the First Action"). Plaintiff sought to recover in the First Action recompense for injuries alleged suffered by Plaintiff as a result of an injury he sustained at or near Buchanan Airfield in Contra Costa County, California on or about October 24, 2005. On or about July 22, 2008, Subrogee filed an action in the United States District Court for the Northern District of California, entitled County of Contra Costa v. United States of America, et al., Case No. C-08-53499 ("the Second Action"). In the Second Action, Subrogee sought to recover amounts paid by Subrogee in connection with the October 24, 2005, accident. On or about October 31, 2008, federal district judge William H. Alsup consolidated the First Action with the Second Action thereby creating one, Consolidate Action.

      B.    The United States has not admitted any liability to Plaintiff or Subrogee arising out of any matter or event referred to in the Consolidated Action.

      C.    Plaintiff, Subrogee and the United States each have decided to effect a compromise and settlement of all claims of every kind and nature which Plaintiff and Subrogee may have against the United States arising from or relating in any way to any matter or event referred to in the Consolidated Action, on the terms and conditions set forth below.

**NOW, THEREFORE,** in consideration of the foregoing premises and the following promises, covenants and agreements, the parties hereto agree as follows:

**A G R EE M E N T:**

      1.    **Payment to Plaintiff.** As recompense in full for any damage(s) or other loss(es) of any kind (including, but not limited to, attorney's fees) which Plaintiff and Subrogee may have suffered as a result of any act or omission of any agent, officer or employee ("agent") of the United States, the United States shall pay to Plaintiff the sum of Two Hundred Thousand Dollars ($200,000.00). Payment shall be made by electronic funds transfer ("EFT") into the client trust account maintained by Plaintiff's attorney into a bank account designated by Plaintiff. Plaintiff understands that because of the procedures required to be followed by the U.S. Treasury before monies may be disbursed from the United States' "judgment fund" from which payment is to be

made, payment usually takes as long as twelve weeks from the date upon which the Treasury Department receives a fully executed copy of this Settlement Agreement, together with the required Treasury Department forms to be completed by the United States Attorney's Office.

      2.     **Release by Plaintiff.** In consideration of the promise of the United States to make the payment set forth in paragraph 1 above, Plaintiff, on behalf of Plaintiff and Plaintiff's respective heirs, successors and assigns, hereby releases and forever discharges the United States and each and every agent thereof who may have engaged in any conduct complained of by Plaintiff in the Consolidated Action, from any and all claims, obligations, demands and liabilities whatsoever, in law or equity, which Plaintiff had, now has or may have, or which in the future may arise, from or as a result or in connection with, or for, any matter, cause, event, transaction, relation, or anything whatsoever, whether known or unknown, or whether or not presently asserted, from the beginning of time to the date of this Settlement Agreement, arising from, as a result of or in connection with any matter(s) or event(s) referred to or complained of in the Action, or related thereto in any way, other than any claim or obligation arising out of this Settlement Agreement. Plaintiff has considered and is aware of the possibility that Plaintiff may not fully know the number and/or magnitude of each and every claim which Plaintiff has or may have against the United States and/or any of its afore-described agents as a result of or in connection with the matters referred to in the Action. Plaintiff nevertheless intends to assume the risk that Plaintiff is releasing any and all such claims, known or unknown, and Plaintiff agrees that this Settlement Agreement is a full and final release of any and all such claims against the United States and all of the afore-described agents, and to the extent that it may be applicable Plaintiff hereby expressly waives the benefits of Cal. Civ. Code § 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Notwithstanding the foregoing, this release shall not be deemed or construed to release the United States from any obligation of payment the United States may have pursuant to this Settlement Agreement, nor shall it affect any rights, duties or obligations of the United States or Plaintiff arising from or after the execution of this Settlement Agreement.

In consideration of the promise of the United States to make the payment set forth in paragraph 1 above, Subrogee, on behalf of Subrogee and Subrogee's respective heirs, successors and assigns, hereby releases and forever discharges the United States and each and every agent thereof who may have engaged in any conduct complained of by Subrogee in the Consolidated Action, from any and all claims, obligations, demands and liabilities whatsoever, in law or equity, which Subrogee had, now has or may have, or which in the future may arise, from or as a result or in connection with, or for, any matter, cause, event, transaction, relation, or anything whatsoever, whether known or unknown, or whether or not presently asserted, from the beginning of time to the date of this Settlement Agreement, arising from, as a result of or in connection with any matter(s) or event(s) referred to or complained of in the Consolidated Action, or related thereto in any way, other than any claim or obligation arising out of this Settlement Agreement. Subrogee has considered and is aware of the possibility that Subrogee may not fully know the number and/or magnitude of each and every claim which Subrogee has or may have against the United States and/or any of its afore-described agents as a result of or in connection with the matters referred to in the Consolidated Action. Plaintiff nevertheless intends to assume the risk that Subrogee is releasing any and all such claims, known or unknown, and Subrogee agrees that this Settlement Agreement is a full and final release of any and all such claims against the United States and all of the afore-described agents, and to the extent that it may be applicable Subrogee hereby expressly waives the benefits of Cal. Civ. Code § 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Notwithstanding the foregoing, this release shall not be deemed or construed to release the United States from any obligation of payment the United States may have pursuant to this Settlement Agreement, nor shall it affect any rights, duties or obligations of the United States or Plaintiff arising from or after the execution of this Settlement Agreement.

3. **Dismissal of Proceedings.** As further consideration for the promise by the United States to make the payment set forth in paragraph 1, Plaintiff and Subrogee both promise, covenant and agree to execute and deliver, within two business days of the execution of this Settlement Agreement, a stipulation for dismissal of the First Action and the Second Action with prejudice, with each party to bear his/its own costs, expenses and attorney's fees, if any.

4. **No Assignment.** Plaintiff represents and warrants that Plaintiff has not assigned, conveyed, granted, transferred or disposed of in any way to any person or entity, any claim, demand, obligation, cause of action or other interest or right of any kind which Plaintiff may have had, or may have or purport to have now or in the future, against the United States or any agency or agent thereof, relating to, or arising (in whole or in part) out of or in connection with, any matter, event, act or omission complained of in the Consolidated Action.

Subrogee represents and warrants that Subrogee has not assigned, conveyed, granted, transferred or disposed of in any way to any person or entity, any claim, demand, obligation, cause of action or other interest or right of any kind which Subrogee may have had, or may have or purport to have now or in the future, against the United States or any agency or agent thereof, relating to, or arising (in whole or in part) out of or in connection with, any matter, event, act or omission complained of in the Consolidated Action.

5. **Forbearance From Suit; Indemnification.** Plaintiff and Subrogee each promise, covenant and agree that each will forever refrain and forbear from commencing, instituting or prosecuting any lawsuit, action or other proceeding of any kind (including, but not limited to, any administrative proceeding) against the United

States or any past, present or future agent thereof, based upon or arising out of any claim, debt, liability, demand, obligation or cause of action that is released and discharged by reason of this Settlement Agreement.

Plaintiff agrees to, and shall, indemnify and hold harmless the United States, and all agencies and agents thereof, from, against and with respect to any and all liabilities, damages, losses, claims, demands, costs and expenses (including, but not limited to, attorney's fees or other costs of defense) arising from or as a result of the commencement, institution or prosecution of by Plaintiff, or any person claiming under, by or through Plaintiff, of any lawsuit, action or proceeding in violation of this paragraph.

Similarly, Subrogee agrees to, and shall, indemnify and hold harmless the United States, and all agencies and agents thereof, from, against and with respect to any and all liabilities, damages, losses, claims, demands, costs and expenses (including, but not limited to, attorney's fees or other costs of defense) arising from or as a result of the commencement, institution or prosecution of by Subrogee, or any person claiming under, by or through Subrogee, of any lawsuit, action or proceeding in violation of this paragraph.

6. **Third-Party Beneficiaries.** Plaintiff and Subrogee acknowledge and agree that each and every agent of the United States referred to in paragraphs 1 and/or 2 above, whether or not any such agent is specifically named in either of those paragraphs or in the complaints filed in the First Action and the Second Action, is an intended third-party beneficiary of this Settlement Agreement. Without limitation of the foregoing, each such third-party beneficiary shall be entitled to assert the release set forth in paragraph 2 as an absolute defense to any claim in any lawsuit, action or proceeding of any kind brought by either Plaintiff or Subrogee, or any person claiming under, by or through Plaintiff or Subrogee, relating to or arising (in whole or in part) out of or in connection with any matter, event, act or omission complained of in the Consolidated Action. Also without limitation of the foregoing, each such third-party beneficiary shall be entitled to assert in his/her/its own name the indemnity provisions of paragraph 5 of this Settlement Agreement in the event Plaintiff, Subrogee, or any

person claiming under, by or through Plaintiff or Subrogee, commences, institutes or prosecutes any lawsuit, action or proceeding against that third-party beneficiary in violation of paragraph 5.

      7.    **No Admissions.** The United States, Subrogee and Plaintiff each acknowledge and agree that this Settlement Agreement is a compromise settlement of disputed claims, and that neither anything in this Settlement Agreement nor the settlement itself shall be deemed or construed to constitute an admission of any kind (including, but not limited to, an admission of liability or of any factual or legal matter) by Plaintiff, Subrogee or the United States.

      8.    **Attorneys' Fees and Costs.** The United States, Subrogee and Plaintiff each acknowledges and agrees that as part of the consideration for entering into this Settlement Agreement, each party shall bear all attorneys' fees, expenses and costs of litigation (including, but not limited to, filing fees, deposition/transcript fees, expert witness fees, and travel costs) incurred by that party, and that neither the United States, nor Subrogee, nor the Plaintiff shall be liable to the other party for any such attorneys' fees, expenses or costs.

      9.    **Agreement Read and Understood; Advice of Counsel.** Plaintiff represents and warrants that Plaintiff has read this Settlement Agreement in its entirety and understands the meaning and significance of the terms used in this Settlement Agreement, and that Plaintiff has obtained advice of counsel in connection with deciding to enter into this Settlement Agreement. Plaintiff further represents and warrants that Plaintiff understands the consequences of entering into this Settlement Agreement, and that Plaintiff in entering into this Settlement Agreement Plaintiff is acting freely and voluntarily, without any coercion of any kind.

Subrogee represents and warrants that Subrogee has read this Settlement Agreement in its entirety and understands the meaning and significance of the terms used in this Settlement Agreement, and that Subrogee has obtained advice of counsel in connection with deciding to enter into this Settlement Agreement. Subrogee further represents and warrants that Subrogee understands the consequences of entering into

this Settlement Agreement, and that Subrogee in entering into this Settlement Agreement Subrogee is acting freely and voluntarily, without any coercion of any kind.

10.  **Entire Agreement; No Modifications; Counterparts.**  This Settlement Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter of this Settlement Agreement, and it replaces and supersedes any and all prior and/or contemporaneous oral or written representations, agreements or understandings of any kind with respect to the Consolidated Action and settlement of the Consolidated Action between on the one hand, Plaintiff and Subrogee and on the other hand, the United States and its agents.  This Settlement Agreement may not be modified other than by a written modification signed by the party against whom such modification is asserted.  Plaintiff and Subrogee acknowledge that in the case of the United States any such modification must be approved and authorized in writing by the appropriate official(s) of the United States Department of Justice.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be effective but all of which together shall constitute only one agreement.

**SO STIPULATED.**

DATED: ~~February~~ MARCH 16, 2009  _____
Plaintiff, Ronald Richman

**STATEMENT OF COUNSEL:**

The undersigned represents and warrants as follows:
(1) The undersigned represents and has acted as counsel for Plaintiff in the Action; and (2) The undersigned has read the foregoing Settlement Agreement, explained its terms to Plaintiff, and provided counsel and advice to Plaintiff with respect to the consequences to Plaintiff of execution of this Settlement Agreement.

Brayton Purcell, LLP

DATED: ~~February~~ MARCH 19, 2009    By _____
William G. McDevitt, Esq. (Of Counsel)
Attorneys for Ronald Richman

Joseph P. Russoniello
United States Attorney

Settlement and ~~[Proposed]~~ Order
No. C 07-5317 WHA
No. C 08-3499 WHA                        8

DATED: ~~February~~ March 20, 2009   By  _____
ABRAHAM A. SIMMONS
Assistant United States Attorney
Attorneys for the United States

Thomas, Lyding, Cartier & Gaus, LLP

DATED: ~~February~~ March 17, 2009   By _____
Mark A. Cartier
Attorneys for County of Contra Costa

[~~PROPOSED~~] ORDER

**PURSUANT TO STIPULATION IT IS SO ORDERED:**

April 16, 2009
Date

Hon. William Alsup
United States District Court Judge

IT IS SO ORDERED
Judge William Alsup

The Clerk **shall close the file**.

Settlement an~~d [Proposed]~~ Order
No. C 07-5317 WHA
No. C 08-3499 WHA                    9